FILED

APR 27 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARGARET A. FISHER,

        Plaintiff - Appellant,

  v.

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

        Defendant - Appellee.

No. 10-35357

D.C. No. 2:09-cv-00638-BAT

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Argued and Submitted April 11, 2011
Seattle, Washington

Before: KLEINFELD, TASHIMA, and SILVERMAN, Circuit Judges.

Margaret Fisher appeals the district court's decision affirming the

administrative law judge's denial of Social Security disability benefits. Because

the ALJ offered specific, clear and convincing reasons for discounting the

credibility of Fisher's testimony; specific and legitimate reasons for discounting

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

the opinions of her treating physician and examining psychologist; and germane reasons for rejecting the opinion of a mental health counselor; and because substantial evidence supports the ALJ's findings, we affirm.

## Standard of Review

This court reviews the district court's judgment *de novo* to determine whether the Commissioner supported his decision with substantial evidence and applied correct legal standards. 42 U.S.C. § 405(g); *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Generally, the Commissioner's findings must be upheld if they are supported by inferences reasonably drawn from the record. *Id*. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citations omitted).

## Credibility of Fisher's Testimony

If a claimant presents objective medical evidence of an underlying impairment that could reasonably be expected to produce her alleged symptoms, "and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).

In making a residual functional capacity determination that limited Fisher to light work, involving simple, repetitive tasks with little social interaction, the ALJ discounted Fisher's testimony regarding the severity of her symptoms because her testimony was contradicted by evidence of her (1) ability to live independently, (2) school attendance and performance, and (3) failure diligently to pursue treatment for hepatitis C and depression.

"[I]f, despite [her] claims of pain, a claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job, it would not be farfetched for an ALJ to conclude that the claimant's pain does not prevent the claimant from working." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *see also Burch*, 400 F.3d at 681. The evidence shows that Fisher lives alone, manages her money, maintains her home, and drives thirty-five miles each way on an almost daily basis to attend community college.

As to his determination that Fisher failed diligently to pursue professional treatment, the ALJ specifically pointed to (1) a counselor's March 2007 note stating that Fisher was "either looking for long-term therapy or 'a way to strategize [illegible] SS disability w/her attorneys," (2) Fisher's failure to pursue mental health treatment for several months after stating in an October 2007 that she would

consider working with a counselor, and (3) a September 2008 report noting that Fisher has "no real history of outpatient mental health treatment."

Fisher attributes the gaps in her mental health treatment to financial difficulties and a "documented fear of authority," and argues that her poverty and mental illness do not provide a clear and convincing reason to discount her testimony on the ground that she did not diligently pursue treatment. *Regennitter v. Comm'r of the Soc. Sec. Admin*, 166 F.3d 1294, 1296-97 (9th Cir. 1999). Unlike the claimant in *Regennitter*, who had an IQ in the 18th percentile and had only recently learned to apply for state medical benefits, Fisher has an average IQ, has been able to attend community college, has been aware of her eligibility for state Department of Social and Health Services ("DSHS") coverage for several years, and has seen multiple doctors who have prepared DSHS evaluations for her.

The ALJ identified "specific, clear and convincing reasons" for discounting Fisher's credibility as to the severity of her symptoms, and those reasons are supported by substantial evidence. *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1282). Although Fisher's interpretation of the evidence is not unreasonable, neither is the ALJ's. His determination that her level of functionality is consistent with an ability to perform the kind of work described in

the residual functional capacity assessment is a permissible interpretation of the evidence. *See Burch*, 400 F.3d at 679.

**Fisher's Medical Evidence**

The opinions of treating physicians are given greater weight than the opinions of non-treating physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). An ALJ is not bound to accept a treating physician's opinion; however, "Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). Where there is conflicting medical evidence, the ALJ must state "specific and legitimate reasons supported by substantial evidence in the record." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (citations and internal quotation marks omitted).

The ALJ gave substantial consideration but little weight to Dr. Shaw's opinions because he found that her conclusions were insufficiently specific; inconsistent with Fisher's activities of daily life; and conflicted with the opinion of an examining physician, Dr. Gaffield. The ALJ also stated that he discounted Dr. Shaw's accounts of Fisher's suicidal ideation because of inconsistencies in Dr. Shaw's notes and Fisher's "refus[al] to discuss the issue beyond asserting that she had attempted suicide on 5 occasions." The ALJ did not err in discounting the

weight of Dr. Shaw's opinion because the lack of evidence in the treatment record to support Dr. Shaw's opinions regarding Fisher's physical and mental limitations and inconsistencies in the record regarding Fisher's suicidal ideation are specific and legitimate reasons supported by substantial evidence.

The ALJ also gave little weight to Dr. Clarke's opinion because her assessments of Fisher's limitations "were based solely on [Fisher's] subjective complaints and presentation," and that assessment conflicts with the evidence of Fisher's daily activities and school attendance and performance. The ALJ did not err in discounting the weight of Dr. Clarke's opinion because the conflict between evidence of Fisher's actual activities and Dr. Clarke's opinion of her limitations, as well as Dr. Clarke's basis of her opinion substantially on Fisher's subjective complaints, which the ALJ found not credible, were specific and legitimate reasons supported by substantial evidence.

The ALJ also considered the Global Assessment of Functioning ("GAF") score assigned to Fisher by Sondra LaVerne, a licensed mental health counselor, but declined to give the score of forty-five much weight because Fisher's performance on the mental status examination at the time of that assessment was essentially normal, aside from the subjective complaints noted. LaVerne is neither a licensed physician nor licensed or certified psychologist and is therefore not an

"acceptable medical source," *see* 20 C.F.R. § 404.1513(a), and the ALJ need only provide a germane reason for discounting her opinion. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). The discrepancy between the results of the mental status examination and the overall GAF score is a germane reason for rejecting the GAF score, and that finding is supported by substantial evidence. Therefore, the ALJ did not err in discounting the weight of LaVerne's opinion.

**AFFIRMED.**